BUFFALO COUNTY NATIONAL BANK V. CLEM V. GILCREST ET AL.

FILED APRIL 9, 1896. No. 6290.

Conflicting Evidence: REVIEW. The only question presented being one of fact, as to which the evidence is conflicting and apparently evenly balanced, the finding and judgment of the district court should not be disturbed.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

*H. M. Sinclair, F. G. Hamer*, and *Dryden & Main*, for plaintiff in error.

*Marston & Nevius* and *R. A. Moore, contra.*

POST, C. J.

This was an action by the plaintiff in error in the district court for Buffalo county on the following instrument:

"$9,875.00.    KEARNEY, NEB., Sept. 14th, 1889.

"Ninety days after date, for value received, I promise to pay to the order of the Buffalo County

National Bank ninety-eight hundred seventy-five dollars at the Buffalo County National Bank, Kearney, Nebraska, with interest at the rate of ten per cent per annum from maturity until paid.

"Interest paid to December 20th, 1889.

"CLEM V. GILCREST."

On the back of said note are the following indorsements:                          F. H. GILCREST.

"A. T. GAMBLE.

"E. B. JONES.

"$5,775.00 paid December 21st, 1889.

"$3,300.00 paid December 30th, 1889."

The defendants Jones and F. H. Gilcrest joined in an answer which is here set out: "That on or about the 1st day of July, 1888, the defendants F. H. Gilcrest and E. B. Jones, upon the representations and at the solicitations of their co-defendant, A. T. Gamble, then an officer and cashier of the plaintiff bank, and upon his representations that the capital stock of the 'Central Nebraska Live Stock Insurance Company' that subsequently they, with the said A. T. Gamble and others hereinafter named, became the owners. of the whole of the capital stock of said company; that under the laws of the state of Nebraska the insurance company was required to have $50,000 of paid up capital stock before commencing business; that after the purchase of said stock it became necessary to reorganize said company and take up the old stock and pay in the said sum of $50,000 as the amount required of paid up capital stock; that to make up said required amount the defendants, F. H. Gilcrest, E. B. Jones, together with their co-defendant, A. T. Gamble, and one B. H. Goulding deposited with the plaintiff their notes as follows: One of the said A. T. Gamble

for $12,500, one of the said E. B. Jones for $12,500, one of B. H. Goulding for $12,500, one of F. H. Gilcrest for $12,500, each and every one of which said notes the said plaintiff gave to the said insurance company a credit of $50,000 on the books of the plaintiff as the amount necessary to show paid up capital stock in compliance with the law; that subsequently and as soon thereafter as the necessary arrangements could be made there was substituted for the said notes deposited as aforesaid first mortgage securities to the amount of about $40,000, and the said note sued on in this case was then given to make up the balance of the said $50,000; that no money was ever advanced by the plaintiff upon the said note, or was it ever intended or expected by the plaintiff or the makers of said note that any money should be paid thereon, but that as fast as first mortgage securities belonging to these defendants should be deposited with the treasurer of said company, their amounts should be indorsed upon said note, and when sufficient had been deposited as aforesaid to equal the face of said note, the note should be delivered up to the makers thereof and canceled; that in pursuance of said arrangement and agreement there was indorsed upon said note on December 21, 1889, $5,775, and on the 30th day of December, 1889, there was paid and should have been indorsed upon the said note the sum of $4,200, but there was only indorsed, as appears by copy of said note, the sum of $3,300 on that date; and these defendants aver that there was no consideration moving from the plaintiff to the makers of said note, nor did either of the makers thereof ever receive any money or value therefor, except as above set out."

To the foregoing answer a reply was interposed which is in substance a general denial. Upon the issues thus joined there was a trial to the court, a jury being waived, resulting in a finding and judgment for the defendants therein, which it is now sought to reverse by means of this proceeding.

Practically the only contention at this time on the part of the plaintiff in error is that the finding is unsupported by the evidence. By a close scrutiny of the answer it will be observed that the substantial defense, indeed, the only defense there stated, is that the indebtedness to the bank had been extinguished by means of mortgage securities deliverd to and accepted by the latter in payment of the note in suit.

We have carefully read over the evidence, which is, to say the least, conflicting and apparently evenly balanced, but which is quite sufficient under the rule often recognized by this court to sustain the finding complained of. The judgment of the district court is

AFFIRMED.